UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RUDY STANKO, individually, and on behalf of similarly situated cattle ranchers on the Pine Ridge Reservation and border towns, also known as "Butch,"<br><br>            Plaintiff,<br><br>  vs.<br><br>SOUTH DAKOTA STATE BRAND BOARD; JAKE SCHOFIELD, individually and in his official capacity as a South Dakota State Brand Inspector; PHILIP LIVESTOCK AUCTION; THOR ROSETH, individually and as owner of the Philip Livestock Auction; DEFENDANTS IX through 4X, individually, will be named after discovery,<br><br>            Defendants. | CIV. 17-5060-JLV<br><br><br><br><br>ORDER |

**INTRODUCTION**

Plaintiff Rudy Stanko filed a multi-count complaint against the defendants under the Civil Rights Act, 42 U.S.C. § 1983, and state law. (Docket 1). Mr. Stanko seeks declaratory and injunctive relief. Id. The defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dockets 8 & 13). For the reasons stated below, defendants' motions to dismiss pursuant to Rule 12(b)(1) are granted.

**ANALYSIS**

Defendants the South Dakota State Brand Board ("Brand Board") and Jake Schofield, a full-time brand inspector with the Brand Board, (jointly "Brand Board Defendants") seek dismissal from the complaint pursuant to Fed. R. Civ. P. 12(b)(1).[1] (Docket 9 at p. 13). The Brand Board Defendants challenge the court's jurisdiction for the state law cause of action for claim and delivery asserting Mr. Stanko does not meet the diversity jurisdiction requirements of 28 U.S.C. § 1332(a). (Docket 9 at p. 2). Defendants Philip Livestock Auction and Thor Roseth (jointly "Philip Livestock Defendants") join Mr. Schofield in seeking dismissal on the basis of Fed. R. Civ. P. 12(b)(6). (Dockets 9 & 13).

I. **RULE 12(b)(1) MOTION TO DISMISS**

Rule 12 provides in part that "a party may assert the following defenses by motion: . . . lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the

---

[1]Philip Livestock Auction and Thor Roseth filed a motion to dismiss pursuant to Rule 12(b)(1), but did not file a supporting legal memorandum. (Docket 13). The court will incorporate their Rule 12(b)(1) motion in the analysis of the Brand Board Defendants' Rule 12(b)(1) motion.

motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party." Great Rivers Habitat Alliance, 615 F.3d at 988 (internal quotation marks and brackets omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ." Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).

The Brand Board Defendants move to dismiss the complaint under Rule 12(b)(1) on the basis Mr. Stanko has no standing to bring the lawsuit. (Docket 9 at pp. 10-12). They assert the livestock which are the subject of this litigation are not owned by Mr. Stanko, but rather by Nebraska Beef Packers, Inc., a Nebraska corporation. Id. at p. 11. The Brand Board Defendants represent to the court that "the cattle are branded with a 'Bar Mill Iron' brand registered in

3

Nebraska to Nebraska Beef Packers, Inc." Id. Mr. Stanko acknowledges this registration, but avoids the ownership of the brand issue by declaring "defendant's [sic] memorandum exhibits the name Rudy 'Butch' Stanko is on the registration of the brand Bar Mill Iron." (Docket 14 at p. 5).

Pursuant to Fed. R. Evid. 201, the court takes judicial notice that the brand "Bar Mill Iron" is registered in Nebraska to Nebraska Beef Packers, Inc., and lists "Rudy 'Butch' Stanko" as the president of the corporation.[2] See Docket 10-1 ¶ 8. The facts contained in the official Nebraska state website are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Mr. Stanko argues he should be allowed to pursue the claims in the complaint as "Nebraska Beef is solely owned by the Plaintiff and is the Plaintiff's property." (Docket 14 at p. 9 n.1).

"To acquire Article III standing, a plaintiff must have a 'personal stake in the outcome of the controversy.'" Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001) (citing Baker v. Carr, 369 U.S. 186, 209 (1962)). "A corporation is an entity separate and distinct from its stockholders and its separate entity will generally be recognized." Id. at p. 716 (citing Bankers Life & Cas. Co. v. Kirtley, 338 F.2d 1006, 1013 (8th Cir. 1964)). "Generally, if a harm has been directed

---

[2] See Nebraska brand registration #13033.50 at http://www.nebraska.gov/nbc/brandbook/book.cgi.

4

toward the corporation, then only the corporation has standing to assert a claim." Id.

The United States Court of Appeals for the Eighth Circuit "adopted this shareholder standing rule and held that '[a]ctions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name . . . even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock.' " Id. (citing In Brictson v. Woodrough, 164 F.2d 107, 109 (8th Cir. 1947)). "The shareholder standing rule applies even if the plaintiff is the sole shareholder of the corporation." Id. In Potthoff, the court concluded "the shareholder standing rule applies to civil rights actions brought pursuant to 42 U.S.C. § 1983 by shareholders claiming injury to their corporations." Id. at 717 (referencing Gregory v. Mitchell, 634 F.2d 199, 202 (5th Cir. 1981) (extending shareholder standing rule to civil rights actions under § 1983) (citing cases); Erlich v. Glasner, 418 F.2d 226, 228 (9th Cir. 1969) ("[E]ven though a stockholder owns all, or practically all, of the stock in a corporation, such a fact of itself does not authorize him to sue as an individual. . . . We find nothing in the Civil Rights Act which would permit [the plaintiff-stockholder] to circumvent the rule of law just stated, completely avoid the corporate entity and thus maintain an action in his own name.")).

Mr. Stanko's argument ignores the clear directive of the case law stated above. The court finds that "even accepting as true all facts pled by [Mr. Stanko]

5

and granting him the benefit of all reasonable inferences therefrom, the record does not reflect any cognizable injury to [Mr. Stanko] that is distinct from the harm suffered by [Nebraska Beef, Inc.]." Id. at 718. The court must dismiss Mr. Stanko's claims for lack of standing to sue under Article III. Id. at 717.

Whether Nebraska Beef, Inc., has a viable claim is not resolved by this order. Mr. Stanko is notified he may not represent the corporation in a legal capacity because he is not a licensed attorney. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). The United States Court of Appeals for the Eighth Circuit has consistently held that a non-lawyer may not represent a corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001). See also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation . . . ." (citing Rowland, 506 U.S. at 202) (other internal citations omitted); United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan, 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court. . . .").

**ORDER**

Based on the above analysis, it is

ORDERED that the defendants' motions to dismiss (Dockets 8 & 13) are granted.

IT IS FURTHER ORDERED that the complaint (Docket 1) is dismissed without prejudice.

Dated March 28, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE